F I L E D
Clerk
District Court

JAN 1 6 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  Stephen C. Woodruff
   Attorney and Counselor at Law
2  2nd Flr., Hill Law Ofc. Bldg., Susupe
   Tokcha Avenue at Lulai Way
3  P. O. Box 500770
   Saipan, MP 96950
4  Tel.:   (670) 235-3872
   Fax:    (670) 235-3873
5
   Attorney for Plaintiffs

6

7

8
## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

9  **ESTINILIE ALCARAZ, ESPIE**          )    Civil Action No. 08- 0003
   **BALUSO, MARIETA P.**               )
10 **GUINNACAO, SUSANA L.**             )
   **LORENZO, REMEDIOS E.**            )
11 **MASANGKAY, MERLITA**              )    **COMPLAINT**
   **MOSQUERA, AGNES A. OCLARINO,**    )
12 **ZENAIDA G. ROTAO, and JEANIE**    )
   **DLC. SANTOS,**                    )
13                                     )
14                                     )
       **Plaintiffs,**                 )
15                                     )
       **-v-**                         )
16                                     )
   **HANSOLL TEXTILE, LTD., TOP**      )
17 **FASHION CORPORATION, and**        )
   **HANDSOME TEXTILE SAIPAN**         )
18 **CORPORATION,**                    )
                                       )
19                                     )
       **Defendants.**                 )
20                                     )
                                       )
21 _____ )

22                                    **I**
23                      **NATURE OF THE ACTION**

24     1.     This is an action against Defendants under Title VII of Civil Rights Act

25 of 1964, 42 U.S.C. §§ 2000e., *et seq.*, as amended, for their unlawful and discriminatory

employment practices towards Plaintiffs in violation of Plaintiffs' federally-protected rights.

2.     Plaintiffs complain about employment discrimination based on national origin and other impermissible grounds described in this Complaint, including, but not limited to: (a) discriminatory policies, practices, and/or procedures in hiring, firing, transfer, and job assignments and (b) differential treatment. Plaintiffs are seeking lost earnings, punitive, expectation, incidental, consequential, and exemplary damages, and costs and attorney's fees to redress Defendants' unlawful and discriminatory employment policies, practices, and/or procedures.

## II
## JURISDICTION AND VENUE

3.     Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, ("Title VII") applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, § 502(a)(2).

4.     This Court has jurisdiction over Plaintiffs' Title VII claims pursuant to 42 U.S.C. § 2000e-5(e)(3), 28 U.S.C. § 1331(a) (federal question jurisdiction), and 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

5.     This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-(f)(1) and (3).

6.     This Court has jurisdiction over Plaintiffs' non-Title VII claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

7.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.(f)(3) because Defendants' unlawful and discriminatory

1    employment practices alleged herein were committed in Saipan, Commonwealth of

2    the Northern Mariana Islands.

3

4                                    **III**
                        **PROCEDURAL REQUIREMENTS**

5

6        8.    On June 19, 2006 and July 19, 2006, Plaintiffs filed charges of

7    discrimination with the Equal Employment Opportunity Commission ("EEOC") in

     Saipan, Commonwealth of the Northern Mariana Islands.    The charges were filed

8    within one hundred eighty (180) days after the occurrence of one or more of the

9    unlawful and discriminatory employment practices alleged herein pursuant to

10   42 U.S.C. § 2000e.5(e)(1).

11       9.    On October 9, 2007, the EEOC issued to Plaintiffs Notices of Right to

12   Sue.    Plaintiffs are filing this complaint within ninety (90) days after the date they

13   received the Notices of Right to Sue in compliance with 42 U.S.C. § 2000e-5(f)(1) and

14   29 U.S.C. § 626(e).    Attached hereto as **Exhibits "1"** to **"9"** and incorporated by

15   reference are true copies of the Notices of Right to Sue.

16       10.    All jurisdictional prerequisites to the institution of this lawsuit have been

17   fulfilled, and Plaintiffs have exhausted their administrative remedies as required by

18   law.

19

20                                    **IV**
                                  **PARTIES**

21

22       11.    Plaintiffs, at all relevant times, were residing in Saipan, Commonwealth

23   of the Northern Mariana Islands (CNMI), and were employees of Defendants, within

24   the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

25   2000e.(f).

12.     Defendant **HANSOLL TEXTILE, LTD.** (Hansoll), on information and belief, is, and at all relevant times was, a corporation registered under CNMI laws and doing business in Saipan, CNMI.

13.     Defendants **TOP FASHION CORPORATION** (Top Fashion), and **HANDSOME TEXTILE SAIPAN CORPORATION** (Handsome), on information and belief, are, and at all relevant times were, corporations organized and existing under the laws of the CNMI having their principal place of business in Saipan, CNMI.

14.     Defendants Hansoll, Top Fashion, and Handsome (referred herein as Defendants), and each of them, are, and at all relevant times were, engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e.(g)(h) and employed more than 15 employees, and were employers of Plaintiffs within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.(b).

15.     Plaintiffs are informed and believe, and thereon allege, that Defendants Hansoll, Top Fashion, and Handsome are, and at all relevant times, were Plaintiffs' joint employers by virtue of a joint enterprise.

16.     Plaintiffs have performed services for each and every Defendant, and to the mutual benefit of each, and each Defendant shared control of Plaintiffs as employees, either directly or indirectly, and in the manner in which the business of the Defendants is conducted.

17.     Plaintiffs are informed and believe, and thereon allege, that there exists such a unity of interest and ownership between and among the Defendants that the individuality and separateness between them have ceased to exist. The business affairs of Defendants, are, and at all relevant times hereto, were so mixed and

1  intermingled that the same cannot reasonably be segregated, and the same are in
2  inextricable confusion.

3      18.    Plaintiffs are informed and believe, and thereon allege, that Defendant
4  Handsome is, and at all times relevant hereto was, used by Defendants Hansoll and
5  Top Fashion as a mere shell and conduit for the conduct of their affairs.   The
6  recognition of the separate existence of the Defendants would not promote justice,  in
7  that it would permit the Defendants, or one of them, to insulate themselves from
8  liability to Plaintiffs.  Accordingly, Defendant Handsome constitutes the alter ego of
9  Defendants Hansoll and Top Fashion, and the fiction of their separate existence must
10  be disregarded in equity and for the ends of justice because such disregard is necessary
11  to avoid fraud and injustice to Plaintiffs.

12     19.    Plaintiffs are informed and believe, and thereon allege, that the business
13  affairs of Defendants are so intertwined as to constitute a single entity.

14                                     V
15                         STATEMENT OF FACTS

16     20.    Plaintiffs are nonresident workers from the Republic of the Philippines
17  who, at all relevant times herein, were employed by Defendants in various capacities
18  pursuant to employment contracts and conditional grants of transfer approved by the
19  CNMI Department of Labor (DOL).

20     21.    Prior to their hiring, Plaintiffs applied for jobs at the personnel office of
21  Defendant Top Fashion and when hired, were told that they would be assigned to
22  work for Top Fashion's sister company, Defendant Handsome, Plaintiffs' employer
23  of record in DOL.

24     22.    Plaintiffs are informed and believe, and thereon allege that, at all relevant
25  times, Defendants Top Fashion and Handsome engaged in a workers-sharing scheme.
   At various times, workers of Handsome, including some of the Plaintiffs, were

assigned to Top Fashion, while Top Fashion's workers were, at various times, assigned to Handsome.

23.    Plaintiffs are informed and believe, and thereon allege that, at all relevant times, Defendants Top Fashion and Handsome also shared workers' facilities as some Chinese workers of Handsome were allowed to use and stay in the employees' barracks provided by Top Fashion.

24.    Plaintiffs are informed and believe, and thereon allege that workers of Defendant Handsome, including Plaintiffs, at all relevant times, were required to seek prior permission and clearance from Defendant Top Fashion before they can obtain medical treatment at the hospital.

25.    At all relevant times, Defendants Hansoll and Top Fashion held themselves out publicly as joint-owner or joint-operator of Top Fashion's garment factory located in Tanapag, Saipan, CNMI. The business names of both Hansoll and Top Fashion were prominently listed in a business sign displayed at the entrance gate to Top Fashion's factory.

26.    Plaintiffs are informed and believe, and thereon allege, that, at all relevant times, Defendant Hansoll dictated and determined the designs and specifications of garment products manufactured by Defendants Top Fashion and Handsome.

27.    Sometime in May 2006, officials of both Defendants Top Fashion and Handsome informed Plaintiffs that Handsome will be closing down in July 2006.

28.    Plaintiffs are informed and believe that beginning sometime in March 2006 and until sometime in June 2006, Defendant Handsome had transferred more than 100 Chinese workers to work at its sister company, Defendant Top Fashion.

29.    Plaintiffs, all Filipino nationals, were not transferred by Defendant Handsome to or given available work at Defendant Top Fashion.

30.    The differential treatment between Filipino workers, like Plaintiffs, and Chinese workers, in terms of, *inter alia*, hiring, transfer, employment opportunities, and work assignments occurred as a pattern and practice throughout Plaintiffs' employment with Defendants.

31.    As a result of Defendants' pattern and practice of discrimination based on national origin, Plaintiffs, like other Filipino workers, experienced harm, including loss of earnings, wages, and other employment benefits. This pattern and practice includes being denied available work assignments at and transfer to Top Fashion due to national origin. Plaintiffs were subjected to national origin discrimination at work, so severe and pervasive, that affects the terms and conditions of their status as employees.

# VI
# CAUSES OF ACTION

## First Cause of Action
### Violation of Title VII

32.    Paragraphs 1 through 31 above are incorporated herein by reference as if fully pleaded in this First Cause of Action.

33.    Defendants' discrimination of Plaintiffs on account of their national origin constitutes an unlawful employment practice in violation of 42 U.S.C. Section 2000e-2(a)(1)(2).

34.    Defendants' unlawful and discriminatory practices as alleged above deprived Plaintiffs of equal employment opportunities or otherwise adversely affected their status as employees due to their national origin.

35.    As a direct and proximate result of Defendants' unlawful and discriminatory practices, Plaintiffs suffered and continue to suffer loss of earnings to which they otherwise would have earned had they not been discriminated against.

36.    Defendants engaged in the above-described conduct against Plaintiffs with malice and in reckless disregard of Plaintiffs' federally–protected rights thereby entitling Plaintiffs to punitive damages in an amount to be determined at trial.

## Second Cause of Action
### Breach of Contract

37.    Paragraphs 1 through 31 above are incorporated herein by reference as if fully pleaded in this Second Cause of Action.

38.    Defendants, at all relevant times, have represented to Plaintiffs, in their employment contracts, that Defendants' employment relationship with Plaintiffs would be based upon good faith, that Plaintiffs would be treated fairly and equitably, that Plaintiffs would be judged on the basis of individual merit and ability, and that Plaintiffs would not be discriminated against. These provisions and representations form part of Plaintiffs' express employment contract with Defendants.

39.    Prior to Plaintiffs' discharge, Plaintiffs had performed all conditions, covenants, promises, duties, and responsibilities required of them to be performed in accordance and in conformity with their employment contracts with Defendants.

40.    Defendants' terminations of Plaintiffs were in violation of the employment contracts because, at all relevant times, there was no complete closure of Defendants' business operations and the purported closure was a mere pretext to discriminate against Plaintiffs based on national origin.

41.    On the date of Plaintiffs' discharge, Defendants breached the employment contracts and wrongfully failed to judge Plaintiffs on the basis of merit and ability, and, thus, wrongfully and without lawful cause terminated Plaintiffs.

42.    Based on Defendants' breach of contract as mentioned above, Plaintiffs are entitled to expectation, incidental, and consequential damages in an amount to be determined at trial.

### Third Cause of Action
Breach of Implied Covenant of Good Faith and Fair Dealing

43.    Paragraphs 1 through 31 above are incorporated herein by reference as if fully pleaded in this Third Cause of Action.

44.    Plaintiffs' employment contracts have implied in law a covenant of good faith and fair dealing by which Defendants promised to give full cooperation to each Plaintiff in their performance under the employment contracts and to refrain from any act that would prevent or impede Plaintiffs from performing all of the conditions of the agreement.

45.    Defendants breached their implied covenant of good faith and fair dealing with Plaintiffs by: (a) by terminating Plaintiffs' employment without a lawful cause; and (b) by discriminating against Plaintiffs when Defendants failed and refused to make available to Plaintiffs equal employment opportunities to be transferred to and work at Defendant Top Fashion despite extending such accommodation to Chinese workers similarly situated.

46.    As a proximate cause of Defendants' breach of the covenant of good faith and fair dealing, Plaintiffs have suffered and continue to suffer substantial losses in earnings and other employee benefits that they would have received had Defendants not breached the agreement, in an amount to be determined at trial.

47.    The above-mentioned acts of Defendants were willful, wanton, malicious, and oppressive, and justify an award of punitive and exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request for the following relief:

    (1)        An award of punitive damages and lost earnings and other employment benefits according to law and proof under the First Cause of Action;

    (2)        An award of expectation, incidental, and consequential damages according to law and proof under the Second Cause of Action;

    (3)        An award of punitive and exemplary damages according to law and proof under the Third Cause of Action;

    (4)        An award of reasonable attorney's fees and costs;

    (5)        Such other and further relief as this Court deems just and proper.

DATED this 15th day of January, 2008.

_____
STEPHEN C. WOODRUFF
Attorney for Plaintiffs